**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHERYL WING, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **05-893** |
| **WAL-MART STORES, INC., ET AL.** | **SECTION B(4)** |

### ORDER AND REASONS

Before the Court are Defendant Wal-Mart Louisiana, LLC's Motion to Dismiss (Rec. Doc. No. 14) and Plaintiffs' Motion to Reopen the Case and to Dismiss Defendant's Motion to Dismiss (Rec. Doc. No. 15). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **DENIED**, and Plaintiffs' Motion is **GRANTED** in part.

### *BACKGROUND*

Plaintiffs' counsel, on behalf of his clients, filed a Motion to Administratively Close Case (Rec. Doc. No. 12) on January 17, 2006. This Court granted the Motion, setting June 1, 2006, as Plaintiffs' deadline to file a Motion to Reopen the case (Rec. Doc. No. 13). Plaintiffs failed to file such Motion prior to June 1. Defendant now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b)(Rec. Doc. No. 14). Plaintiffs oppose such and move to reopen the case (Rec. Doc. No. 15).

1

### *DISCUSSION*

Under Federal Rule of Civil Procedure 41(b), a defendant may move for a dismissal of an action or claim based on plaintiff's failure to prosecute or comply with a court order. Under Rule 41(b), a dismissal on grounds other than jurisdiction, improper venue, or failure to join another party is treated as an adjudication on the merits *unless* the court specifies otherwise. Where a court's dismissal without prejudice would preclude further litigation of the claim as time-barred, "a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. Cignarsi-Cigna*, 975 F.2d 1188, 1191 (internal quotations and citations omitted).

Plaintiffs bring delictual actions in diversity against Defendant. Under Louisiana law, "[d]elictual actions are subject to a liberative prescriptive period of one year. This prescription period commences to run on the day of injury or damage is sustained." LA. CIV. CODE ANN. art. 3492 (West 1994). "When damages are not immediate, the action in damages thus is formed and begins to prescribe only when the tortious act actually produces damage and not on the day the act was committed." *Harvey v. Dixie Graphics, Inc.*, 593 So. 2d 351, 354 (La. 1992). Plaintiffs' injuries resulted from a fall on or

around December 18, 2003.  Nothing in the record indicates whether the damages were or were not immediate.  However, given that the suit was removed to this Court on March 23, 2005, it is clear Plaintiffs' injuries were produced no later than March 23, 2005.  Even using this latest possible date, it is clear Plaintiffs' claims would be precribed under state law were this Court to dismiss the action without prejudice.  Accordingly, this Court must treat any dismissal as a dismissal with prejudice.

A dismissal with prejudice "is am extreme sanction." *Berry*, 975 F.2d at 1191.  In evaluating the appropriateness of a dismissal with prejudice granted under Federal Rule of Civil Procedure 41(b), a court should consider whether "there is a clear record of delay or contumacious conduct by the plaintiff" and whether lesser sanctions would not prompt diligent prosecution.  *Id.*  Generally the Fifth Circuit has found abuse of discretion when a district court grants an involuntary dismissal where plaintiff has failed only to comply with a few court orders or rules.  *Id.* at 1192 n.6.

Plaintiffs failed to comply with this Court's Order that required the Plaintiffs' to file a Motion to Reopen on or before June 1, 2006.  Plaintiffs were displaced by Hurricane Katrina.  Plaintiffs evacuated first to Texas, and now reside in Florida, while they rebuild/renovate their home in New Orleans.  Plaintiffs' counsel was unable to locate or reach his clients

prior to June 9, 2006.  On June 9, 2006, Plaintiffs located their counsel through the Louisiana State Bar Association.  Prior to June 9, Plaintiffs' counsel had no reason to file to reopen because he remained unable to locate his clients.  However, Plaintiffs' counsel has failed to provide any reason for his delay in filing between June 9 and June 26, 2006.  This is particularly vexatious in light of Defendant's filing of a Motion to Dismiss on June 12, 2006, which was set for hearing on June 28, 2006.  Despite Plaintiffs' counsel's knowledge of the pending motion, which required a response by June 20, 2006, under Local Rules, Plaintiffs' counsel took no further action until June 23, 2006, when he contacted the Court by phone.  On June 26, 2006, Plaintiffs' counsel filed a Motion to Reopen the Case and to Dismiss Defendant's Motion to Dismiss (Rec. Doc. No. 15).  Plaintiffs' counsel further failed to comply with Local Rules when he failed to include either a page noticing the motion for hearing or a motion for leave to file the motion as an untimely response to Defendant's Motion to Dismiss.  Prior to these events, there is no record of "delay or contumacious conduct by the plaintiff."

   Defendant cites *Gordon v. American River Transportation Co.* and *Slayton v. Administrators of the Tulane Education Fund* to support their argument that the case should be dismissed.  In *Gordon*, the Court granted a defendant's unopposed motion to

dismiss plaintiff's claims with prejudice for failure to prosecute. No. 03-1149, 2003 WL 22424948, at *1 (E.D. La. Oct. 22, 2003)(Vance, J.). The Court did so after plaintiff failed to retain new counsel after her previous counsel withdrew, began representing herself pro se, and refused to speak with defense counsel; failed to appear for a court-ordered show cause hearing even though the court's order for such hearing warned plaintiff she faced sanctions, including dismissal of the complaint, for such failure; failed to oppose defendant's motion to dismiss; and otherwise failed to show an interest in prosecuting her claim. *Id.* In *Slayton*, plaintiffs failed to comply with two court orders, one of which warned that failure to comply could result in the entry of an order dismissing the action, and failed to submit any response to a pending motion to dismiss. No. 02-1046, 2003 WL 23009090, at *1 (E.D. La. Dec. 17, 2003)(Shushan, Mag.). In the instant case, there is no similar pattern of failure to comply with court orders and Local Rules despite warnings of the consequences of failing to comply with such. Although the Court in the instant case ordered Plaintiffs to file a motion to reopen by June 1, 2006, the Order contained no warning of the consequences should they fail to do so. However, Plaintiffs' counsel should have known this even if his lay clients did not. Plaintiffs' counsel had no basis to file anything prior to June 9, 2006, when his clients first contacted him. While Plaintiffs'

counsel's actions/delays in action after June 9 are neglectful on counsel's part, given the extremity of dismissing the action, the Court will not penalize Plaintiffs for counsel's excusable neglect.  *However, Plaintiffs' counsel and Plaintiffs are strongly cautioned that failure to comply with this Court's orders and Local Rules in the future can result in sanctions, including dismissal under Federal Rule of Civil Procedure 41(b) without further notice.*  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**, and Plaintiffs' Motion to Reopen is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment that was filed prior to the administrative closure of this case but never ruled on is set for hearing without oral argument on **Wednesday, July 26, 2006.**  Plaintiffs are cautioned that failure to respond in the time frame required under the Local Rules will result in Defendant's Motion being granted as unopposed.

New Orleans, Louisiana, this 10th day of July, 2006.

UNITED STATES DISTRICT JUDGE