UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL WING WIFE OF AND/ HERBERT WING** | **CIVIL ACTION** |
| | **05-0893** |
| **VERSUS** | |
| | **SECTION B(4)** |
| **WAL-MART STORES, INC., ET AL.** | |

**ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Rec. Doc. No. 11). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion is **GRANTED.**

*BACKGROUND*

This case arises out of Plaintiff Cheryl Wing's (Plaintiff) slip and fall accident at the Wal-Mart store at 6901 Bundy Road, New Orleans, Louisiana on December 18, 2003. Plaintiff was walking into the portrait studio when her foot caught on the wheel of another customer's shopping cart. As a result of the fall, Plaintiff suffered a torn rotator cuff and underwent surgery.

*DISCUSSION*

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment

1

in the party's favor. FED. R. CIV. P. 56(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case. *Celotex*, 477 U.S. at 322.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Id*. at 587. The mere existence of a scintilla of evidence on the nonmoving party's position is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The nonmoving party must present evidence upon which a reasonable jury could reasonably find for the nonmovant.

*Id.*

Louisiana law governs the instant matter. Under Louisiana law, "[a] merchant owes a duty to person who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage." LA. REV. STAT. ANN. 9:2800.6(A) (West 1997). A person lawfully on a merchant's premises who brings an action for injuries sustained resulting from a fall due to a condition on the premises must prove all of the following, in addition to all other elements of the cause of action,

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk or harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedures is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* 9:2800.6(B)(1)-(3). Constructive notice of the condition requires that "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." *Id.* 9:2800.6(C); *see also White v. Wal-Mart*

*Stores, Inc.*, 699 So.2d 1081, 1084-85 (noting constructive notice requires the plaintiff to come forward with positive evidence showing the condition existed for some period of time sufficient to place the merchant on notice of the condition's existence).

Plaintiffs' claims fail because Plaintiffs are unable to satisfy all of the elements required to impose liability under Louisiana Revised Statute 9:2800.6(B). Plaintiffs fail to allege that Plaintiff fell due to a condition that constituted an unreasonable risk of a harm or a risk that was reasonably foreseeable. Plaintiff fell over another shopper's cart *after* that customer had moved the cart. Plaintiffs argue that the presence of other carts being used to collect returned items and carts that were being handed out "across the way there" constituted an unreasonable risk of harm. Assuming, *arguendo*, that this Court were to find the carts near the entry way of the premises created an unreasonable risk of harm, Plaintiff still cannot satisfy the requirements of Louisiana Revised Statute 9:2800.6(B) because she cannot show her harm resulted from that condition. A careful reading of Plaintiff's own deposition testimony makes it clear that her fall resulted from a cart in the possession of another customer blocked the entry way to the portrait studio, and *not* the other carts. Plaintiff observed the cart, said "Excuse me" to the patron in possession of the cart,

4

watched the patron move the cart to allow Plaintiff room to pass, and then tripped on the wheel of the cart the patron had moved. Pl.'s Dep., 29-30 & 37-38.  A shopping cart in the immediate presence and control of a customer does not pose an unreasonable risk or harm or create a hazardous condition because it was not unattended and had no hidden defect.

Further, Plaintiffs are unable to prove Defendants created the risk, or had actual or constructive notice of the risk that caused their damage.  Plaintiffs offer solely a conclusory allegation that Defendants "had actual knowledge or [the condition] prior to the occurrence."  Plaintiffs provide no support for their assertion. Even assuming, as above, that the other carts constituted an unreasonable risk of harm, Plaintiffs are unsuccessful in their attempt to link those carts to their harm.

Plaintiffs argue *Barton v. Wal-Mart* supports their position. In *Barton*, the appellate court affirmed the lower court's findings that a condition on the floor or the level of monitoring of the condition of the entrance floor created an unreasonable risk of harm that resulted in injuries to the plaintiff. *Barton v. Wal-Mart*, 97-801 La. App. 3d Cir. 12/10/97); 704 So.2d 361, 367.  In *Barton*, testimony was presented by various witnesses, including plaintiff, his wife, and two Wal-Mart employees, one a

5

long-time employee familiar with precautionary procedures and one who was staffed near the area of the accident on the day of the accident. *Id.* at 364-367. The testimony indicated that there was a mixture of rain and debris on the floor, extending past the personal greeter; that the water was dirty from the dirt customers had tracked in, including sliding marks where other customers had slid; that Wal-Mart did not fully comply with its own procedures that may have eliminated the risk of harm. *Id.* Given this information, the appellate court refused to overturn the trier of fact's findings. *Id.* at 367. Plaintiffs in the instant case present only a few lines of deposition testimony to support their assertion that a condition existed and the Defendants had the requisite knowledge. These few lines are not sufficient to defeat summary judgment.

Under Louisiana law, Plaintiffs bear the burden of proving all elements required under Louisiana Revised Statute 9:2800.6. Where the nonmoving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element of the party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The only "facts" Plaintiffs designate are that some carts were placed near the entrance to

receive returned merchandise, and some carts were being handed out near the entrance.  Plaintiffs fail to make the crucial connection between this arguable unreasonable risk of harm and Plaintiffs injuries.  Thus, Plaintiffs are unable to satisfy their burden under Louisiana law.[1]  Accordingly,

    **IT IS ORDERED** that Defendants' Motion is **GRANTED.**

New Orleans, Louisiana, this 28th day of July, 2006.

                                      UNITED STATES DISTRICT JUDGE

---

[1] The instant claim borders upon frivolous and meritless.